MINNEAPOLIS HARVESTER WORKS *vs.* MATHIAS HALLY.

April 13, 1881.

**Note given for Purchase-money on Conditional Sale—Retaking of Goods by Vendor—Failure of Consideration.**—This action is brought upon the following instrument:

"$240.                    BELLE PLAINE, MINN., October 5, 1878.

"On or before the first day of September, 1879, for value received in two M. L. reapers, I promise to pay, to the order of the Minneapolis Harvester Works, $240, at the office of Minneapolis Harvester Works, in Minneapolis, Minn., with interest at the rate of 12 per cent. per annum from date until paid; agreed, that if paid at maturity, (or in thirty days thereafter,) then the interest shall be nothing.

"And I further agree, in consideration of the credit herein given, that if this note is not paid when due, and suit is brought thereon, I will pay five dollars additional on the amount then due for attorney's fees, and the same may be included in the judgment. And I further agree to pay all other reasonable expenses incurred in collecting this note.

"The express condition of the sale and purchase of the machine for which this note is given is such that the title, ownership, or right of possession does not pass from the said Minneapolis Harvester Works until this note and interest is paid in full. And the said Minneapolis Harvester Works, or their authorized agents, are hereby fully authorized and empowered to proceed to collect the same at any time they may reasonably deem themselves insecure, even before the maturity thereof; and may take possession of said machine, sell the same, and apply the proceeds towards the payment of this note, after paying all costs and necessary expenses; also this note to become due upon the removal of its maker from the county wherein he now resides. This note may be paid in good farmers' notes, taken and indorsed according to contract.                    M. HALLY.

"P. O., *Belle Plaine, County of Scott, State of Minn.*
"Witness: P. B. NETTLETON."

It appeared that the machines, which were the expressed considera-tion of the instrument, had been taken from the possession of the defendant by the plaintiff and sold.

*Held*, that the result is a total failure of the consideration expressed in the instrument, and that, whatever remedy the plaintiff may have in the premises, this action, which is brought upon the instrument mentioned, to recover the price therein agreed to be paid by the de-fendant for the machines, cannot be maintained.

Action in the district court for Scott county to recover the balance due on a promissory note. On the trial, before *Mac-donald*, J., and a jury, the plaintiff introduced in evidence the instrument set forth in the opinion, and it further appeared from the complaint and undisputed evidence that plaintiff, previously to bringing this action, had taken the machines, mentioned in the instrument from the possession of the de-fendant, sold them, and applied the proceeds in part-pay-ment. The defendant had a verdict, and plaintiff appeals from an order refusing a new trial.

*L. M. Brown* and *F. A. Merrill*, for appellant.

*Peck & McHale*, for respondent.

BERRY, J. This action is brought upon the following in-strument:

"$240. BELLE PLAINE, MINN., October 5, 1878.

"On or before the first day of September, 1879, for value received in two M. L. reapers, I promise to pay, to the order of the Minneapolis Harvester Works, two hundred and forty dollars, at the office of Minneapolis Harvester Works, in Minneapolis, Minn., with interest at the rate of 12 per cent. per annum from date until paid; agreed, that if paid at ma-turity, (or in thirty days thereafter,) then the interest shall be nothing. And I further agree, in consideration of the credit herein given, that if this note is not paid when due, and suit is brought thereon, I will pay five dollars additional on the amount then due for attorney's fees, and the same may be included in the judgment. And I further agree to pay all other reasonable expenses incurred in collecting this note.

"The express condition of the sale and purchase of the machine for which this note is given is such that the title, ownership, or right of possession does not pass from the said Minneapolis Harvester Works until this note and interest is paid in full. And the said Minneapolis Harvester Works, or their authorized agents, are hereby fully authorized and empowered to proceed to collect the same at any time they may reasonably deem themselves insecure, even before the maturity thereof; and may take possession of said machine, sell the same, and apply the proceeds towards the payment of this note, after paying all costs and necessary expenses; also this note to become due upon the removal of its maker from the county wherein he now resides. This note may be paid in good farmers' notes, taken and indorsed according to contract.                                     M. HALLY.

"P. O., Belle Plaine, County of Scott, State of Minn.

"Witness: P. B. NETTLETON."

The expressed consideration of the instrument is "value received in two M. L. reapers." It is expressly conditioned in the same "that the title, ownership, or right of possession" of the machines "does not pass from the said Minneapolis Harvester Works until this note and interest is paid in full." It appears from undisputed evidence on both sides that the machines have been taken from the possession of the defendant by the plaintiff, and sold. This fact we understand to be also substantially alleged in the complaint. The result is that there is a total failure of the consideration expressed in the instrument. The case is one of a conditional sale; that is to say, of a transaction which was to take effect as a sale, so as to pass the title of the reapers and the right of possession upon payment therefor, and not otherwise. The defendant not only never acquired any "title, ownership, or right of possession of the machines," but he has by the act of the plaintiff been deprived of the power of acquiring any by paying the price specified in the instrument.

32

The case is similar to *Third Nat. Bank* v. *Armstrong*, 25 Minn. 530, where it is said that "the promise of payment and the implied obligation to transfer the title were mutual, and as each was the sole consideration for the other, and both were to be performed at the same time, they were concurrent conditions of the same agreement, in the nature of mutual conditions precedent, so that inability or refusal to perform the one would excuse performance as to the other." Whatever remedy, therefore, the plaintiff may have in the premises, this action, which is brought upon the instrument mentioned to recover the price therein agreed to be paid by the defendant for the machines, cannot be maintained.

The verdict was therefore right, and the order denying a new trial is accordingly affirmed.