C. Aultman & Co. *vs*. Ole Olson, Jr., impleaded, etc.

June 5, 1890.

**Conditional Sale—Retaking of Goods by Seller—Subsequent Action for Price.**—*Minneapolis Harvester Works* v. *Hally*, 27 Minn. 495, followed, holding that a certain instrument constituted a conditional sale, and that an action could not be maintained against the purchaser on a note given for the purchase price, after the property which was the expressed consideration for the instrument had been taken from him by the vendor.

**Same—New Promise—Consideration.**—*Held*, also, that there was no evidence of any consideration for a subsequent promise to pay the note.

Appeal by plaintiff (a corporation) from an order of the district court for Polk county, *Mills*, J., presiding, refusing a new trial.

*P. C. Schmidt, Pierce & Cromb*, and *R. H. Thomson*, for appellant.

*H. Steenerson*, for respondent.

Mitchell, J. The instruments declared on are not, in legal import, distinguishable from the one considered in *Minneapolis Harvester Works* v. *Hally*, 27 Minn. 495, (8 N. W. Rep. 597,) in which it was held that, the property which was the expressed consideration for the instrument having been taken from the possession of the defendant by the plaintiff and sold, there was a total failure of consideration, and therefore an action on the instrument for the price of the property could not be maintained. This proceeded upon the theory that the contract was a mere conditional sale, or rather an executory contract for a sale on condition, and that, the plaintiff having elected to take back the property and treat his title as unconditional, the defendant could not be required to pay for it. It seems to have been considered that the case was analogous to, if not controlled by, that of *Third Nat. Bank* v. *Armstrong*, 25 Minn. 530. A comparison of the instruments in the two cases, however, will show that there was room for a distinction, and for argument that, while one constituted a conditional sale, the other was a mortgage. But, even if there be doubt as to the correctness of the decision in *Minneapolis Harvester Works* v. *Hally*, we are not now inclined to over-

rule it. It has become, in a sense, a rule of property, and is supported by authority elsewhere. See *Brewster* v. *Baker*, 20 Barb. 364. Following that case, the court below was right in directing a verdict for defendant, if the property was taken from the defendant by plaintiff under and by virtue of the contract contained in the notes sued on. Plaintiffs' counsel virtually admits this, but contends that there was evidence which should have been submitted to the jury, tending to prove that this contract had been superseded by a subsequent one, and that the property was taken under this new agreement. There was some new arrangement between the parties, which was reduced to writing; but the writing had been lost, and secondary evidence of its contents was introduced. This evidence was somewhat conflicting, and very vague and unsatisfactory. But if we take that which was most favorable to the plaintiffs, and give it the construction most favorable to them, we are unable to spell out of it any consideration for a new promise to pay these notes. All that counsel himself claims that this new agreement amounted to is that defendant agreed and consented that plaintiffs should take the property and sell it, and apply the proceeds on these notes, and that until such time as it could be sold the defendant should operate the machines, and pay over to plaintiffs one-half of the receipts, to be also applied on the notes. But the only thing in all this bearing the semblance of a consideration moving from the plaintiffs or to the defendant was the arrangement that until the machines were sold defendant might operate them, retaining one-half of the gross receipts. But the fatal defect in this, as a consideration for a contract, is that it obligated plaintiffs to nothing, and assured nothing to defendant. Plaintiffs were not bound to permit defendant to operate the machines for any period of time whatever. They had a perfect right to take them at any moment. The agreement gave defendant no legal rights whatever,—nothing that was capable of enforcement.

Order affirmed.