KEYSTONE MANUFACTURING COMPANY v. HERMAN CASSELLIUS
and Another.

October 31, 1898.

Nos. 11,470—(80).

Promissory Note — Transaction a Conditional Sale — No Action on
Instrument after Retaking of Property Sold.

Instruments on which this action was based construed. *Held* to be
conditional contracts of sale, not differing materially from the instru-
ments considered in C. Aultman & Co. v. Olson, 43 Minn. 409; and, fol-
lowing that case, that no action can be maintained thereon against the
vendee after the property which was the expressed consideration for the
execution and delivery of the same has been taken from him by the
vendor.

Action in the district court for Scott county to recover $319.25,
the amount alleged to be due on three several promissory notes
executed by defendant Cassellius and guarantied by defendant
Fred. Habegger. The complaint alleged that the consideration
for these notes was a corn husker sold by plaintiff to defendant
Cassellius. The complaint further alleged that, prior to the com-
mencement of the suit, plaintiff had taken possession of the corn
husker, had sold the same and applied the proceeds, less costs, in
part payment of one of the notes. Defendant Cassellius demurred
to the complaint on the ground that it failed to state a cause
of action. The court, Cadwell, J., sustained the demurrer; and,
from a judgment entered accordingly in favor of defendant Cas-
sellius, plaintiff appealed. Affirmed.

*F. J. Leonard,* for appellant.

The instrument in question is a mortgage, and not a conditional
sale. Berlin Machine Works v. Security Tr. Co., 60 Minn. 161. See
also Kingman v. Watson, 97 Wis. 596; Rockwell v. Humphrey, 57
Wis. 410; Johnson v. Crofoot, 53 Barb. 574; Cadle v. McLean, 48
Wis. 630; Hudson v. McKale, 107 Mich. 22; Merrill v. Ressler, 37
Minn. 82; Williamson v. Culpepper, 16 Ala. 211; Weathersly v.
Weathersly, 40 Miss. 462; Ellington v. Charleston, 51 Ala. 166;

Bennet v. Holt, 2 Yerg. 6; Hickman v. Cantrell, 9 Yerg. 172; Gillis v. Martin, 2 Dev. Eq. 470; Eiland v. Radford, 7 Ala. 724; Edrington v. Harper, 3 J. J. Marsh. 353; Poindexter v. McCannon, 1 Dev. Eq. 373; Turnipseed v. Cunningham, 16 Ala. 501; Singer v. Smith, 40. So. C. 529; Harling v. Creech, 88 Tex. 300; Bethlehem v. Annis, 40 N. H. 34; Weed v. Standley, 12 Fla. 166; Ross v. Ross, 21 Ala. 322; McKnight v. Gordon, 13 Rich. Eq. 222; Frost v. Allen, 57 Ga. 326; Langdon v. Buel, 9 Wend. 80; Woodman v. Chesley, 39 Me. 45; Jones, Chat. Mort. § 13; Thompson v. Blanchard, 4 N. Y. 303; Tufts v. Beach, 8 Colo. App. 33; Baldwin v. Crow, 86 Ky. 679; Whiting v. Eichelberger, 16 Iowa, 422; Mervine v. White, 50 Ala. 388; Nichols v. Hampton, 46 Ga. 253; Lee v. Clark, 60 Ga. 639; Dunning v. Stearns, 9 Barb. 630; Byrd v. Wilcox, 8 Bax. 65; Lumbert v. Woodard, 144 Ind. 335.

*Julius A. Coller,* for respondent.

A transaction like the one in question constitutes a conditional sale, and not a chattel mortgage. Third Nat. Bank v. Armstrong, 25 Minn. 530; Minneapolis Harvester Works v. Hally, 27 Minn. 495; C. Aultman & Co. v. Olson, 43 Minn. 409. See also 1 Cobbey, Chat. Mort. § 98; 3 Am. & Eng. Enc. 426; Harkness v. Russell, 118 U. S. 663; Campbell v. Walker, 22 Fla. 412; Pate v. Oliver, 104 N. C. 458; Russell v. Harkness, 4 Utah, 197; Edison v. Walter, 10 Wash. 14; Edgewood v. Shannon, 60 Ark. 133; Barrington v. Skinner, 117 N. C. 47; Rodgers v. Buchman, 109 Cal. 552; Warren v. Liddell, 110 Ala. 232. Where goods are sold on condition that they shall remain the property of the seller until paid for, seizure of them by the seller for breach of condition extinguishes the buyer's liability on purchase money notes. Earle v. Robinson, 91 Hun, 363, affirmed 12 Misc. 536.

COLLINS, J

There is no substantial difference between the instruments on which this action is based and those considered in C. Aultman & Co. v. Olson, 43 Minn. 409, 45 N. W. 852, in which it was held, on the authority of Third Nat. Bank v. Armstrong, 25 Minn. 530, and Minneapolis Harvester Works v. Hally, 27 Minn. 495, 8 N. W.

597, that the instruments in question constituted a conditional sale of the property therein mentioned, and that an action could not be maintained thereon against the vendees after the property, which was the expressed consideration for the execution and delivery of the instruments, had been taken from them by the vendor.

The instruments now before us are in the shape of negotiable promissory notes, to each of which is added the following language, viz.:

"If this note is not paid when due, the obligors hereon jointly and severally agree to pay all costs of collection, including attorney's fee of 10 per cent. of the amount due. It is agreed and understood that the title to the corn husker No. 2,025, for which this note is given in part settlement, is and shall remain in the Keystone Manufacturing Co. until this note and all other notes given in purchase of said property, and any and all renewals thereof, are paid in full. In case of default in the payment of this note or any renewal thereof, or in case the said Keystone Manufacturing Co. shall at any time, even before the maturity of this note, feel itself insecure, the said Keystone Manufacturing Co. may, at their option, declare this and all or any other notes given for said property as immediately due and payable, and may retake possession of said property wherever it may be, without legal process, and remove and sell the same at public or private sale, with or without notice, and the amount at which said property is sold, less expense of sale, should be credited to the indebtedness represented by these notes. If there be a surplus, the same is to be paid to the undersigned; and if a deficiency, the undersigned agrees to pay the same on demand."

And an examination of the paper book on file in the Aultman case shows that the only difference between the instruments is that in those now before us there is a stipulation, not found in the others, that any surplus derived by a sale of the property, if possession be taken by the payee plaintiff, shall be paid over to the payor defendant. While it was intimated in the last named case that there might be a doubt as to the correctness of the decision in Minneapolis Harvester Works v. Hally, we are confident that it is settled beyond controversy, in nearly all of the courts of this country, that where personal property is sold and delivered, with an agreement that the title thereto shall remain in the vendor until payment of the purchase price is made, it is a conditional sale,

and the transaction cannot be held a mortgage; and it is equally as well settled that, upon the vendee's failure to comply with the conditions as to payment, the vendor may elect to retake the property, or may treat the sale as absolute, and bring an action for the price; but the assertion of either right is a waiver or abandonment of the other. An examination of the authorities cited in support of these two propositions in the chapter on "Conditional Sales," 6 Am. & Eng. Enc. (2d Ed.), will prove their correctness.

We are unable to distinguish between the instruments now before us and those heretofore declared in this court to be nothing more than contracts of conditional sale. The legal effect is the same. The express agreement is that the vendee shall not acquire title until he has paid for the property in full, and this provision is not affected by another, in which it is agreed that he shall have any surplus which may arise in case of a sale by the vendor. This clause in the contracts is not inconsistent with the express agreement that title and right of possession shall remain in the vendor until the vendee shall have complied with the terms therein contained. See Brewster v. Baker, 20 Barb. 364. Such a clause is a mere form; it is, and was intended to be, without meaning or value. It is of no more or greater significance, when ascertaining the legal effect of the instruments, than is the other clause, in which the vendee agrees to pay any deficiency which may arise in case of a sale.

The general demurrer to the complaint was properly sustained. Order affirmed.