DEERING HARVESTER COMPANY v. C. MELHEIM and Another.[1]

May 31, 1901.

Nos. 12,637—(109).

**Failure of Consideration.**

As part of the consideration for the note sued upon in this action, plaintiff, payee, agreed to deliver to the defendants, payors, a certain machine, and failed to so deliver. In their answer to the complaint herein, defendants alleged a total want of consideration for the note. At the trial the court below charged the jury to the effect that if, as part of such consideration, it was agreed by both payee and payors that this machine was to be delivered to the latter, and there had been no delivery, the jury would have the right to deduct from the amount due on the note the value of the machine as of the time it was to be delivered. Plaintiff's counsel took no exception to this part of the charge. *Held*, under these circumstances, that it was immaterial whether or not, under an allegation of total want of consideration, it was insufficient to prove a partial want or failure of consideration as a defense to the note.

**Verdict Sustained by Evidence.**

*Held*, that the testimony was sufficient to sustain the finding of the jury that the machine in question was at least equal in value to the amount due upon the note at the time the action was tried.

**Delivery—Demand.**

In order to interpose the defense in question, it was not necessary for the defendants to first demand a delivery of the machine to them.

Action in the district court for Watonwan county to recover $65 and interest upon a promissory note. The case was tried before Cray, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Seager & Lobben,* for appellant.

*W. S. Hammond,* for respondents.

COLLINS, J.

This was an action upon a promissory note for the sum of $65, executed and delivered by the defendants in the month of January,

[1] Reported in 86 N. W. 348.

1899, and payable to plaintiff's order. The defense was total want of consideration.

It appeared that this and another note of the same date and amount were made and delivered to plaintiff in consideration of the present actual delivery by plaintiff to defendants of three promissory notes, which had theretofore been made by one Rydenskold, and two of which had been guarantied by the defendants, aggregating the same amount, no part of which had been paid, and for another consideration to be hereafter mentioned. It also appeared that in 1897 the defendants were plaintiff's sales agents of certain farm machinery manufactured by the latter; that, as such agents, they sold to Rydenskold a machine, for which he gave the three notes last mentioned, payable to plaintiff's order; and then defendants, upon settlement under their agency contract, turned them over to it. There was testimony tending to show that shortly afterwards, and before the making of the note sued upon, plaintiff, acting by one of its agents, took away the machine from Rydenskold, caused it to be taken to the village in which defendants carried on their agency, left it for about a week in the street near their premises, and that afterwards, by the act of the same agent, it was delivered into the possession of a third party, with whom it remained at the time of the agreement which resulted in the execution of the note in suit. The testimony also tended to show that as part of the agreement, and as part of the consideration for the execution and delivery of defendants' notes, the plaintiff was to deliver to them the machine which had been taken from Rydenskold's farm in as good condition as when it was brought to the village. The machine had not been delivered as agreed on when this action was brought, and for this reason the defendants interposed the defense of want or failure of consideration. The verdict was for defendants, and plaintiff appeals from an order denying its motion for a new trial.

Its counsel claim that on the evidence there was simply, and at most, a partial failure of consideration, and that proof of a partial failure of consideration will not sustain an allegation of a total failure. This may be true, but the court below charged the

jury that, if the note in suit, and the other for the same amount, made at the same time, were executed and delivered under an agreement that the plaintiff was to deliver the machine in question to the defendants, and had failed so to do, the latter would have a right to have deducted from the amount due on the note the value of the machine as of the time it was brought to the village; in other words, that the plaintiff would be entitled to offset in this action, to the amount due upon the note, the value of the machine at the time when it was to be delivered. This was equivalent to a charge that a partial failure of consideration was a defense to the note pro tanto or in full, according to the proofs. No exception was taken to this part of the charge, and for that reason, if there was no other, the point made by counsel is not well taken.

It is further claimed that the amount of damages resulting from the alleged partial failure of consideration was not sufficiently established by the testimony. It was incumbent upon the defendants to show the value of the machine as of the time it was to be delivered to them in order to offset such value as against the amount of the note. One of the defendants was questioned as to the value of the machine at the time it was brought to the village. He testified that "it was in pretty good condition," and, when asked what it was worth, answered: "Oh, I don't know. It must be worth somewhere around $110 or $115 then." This was the only testimony, so far as we can discover, as to the value of the machine at the time and place of delivery agreed upon, which value must govern and control the case. While the testimony as to its value might have been more definite and certain, we are of the opinion that, under the circumstances, and in the absence of any cross-examination or testimony upon the part of the defendants as to value, it was sufficient to justify the jury in finding the value to have been $110 at least; and, as this sum is in excess of the amount due on the note sued upon, the verdict for defendants was supported by the evidence. It may also be noticed that on the face of the record the effect of the verdict was to fix the value at exactly the amount due upon the note when the action was tried.

It is further claimed that the plaintiff is not liable for the value of the machine, because defendants had made no demand for a

delivery of the same, and, as a consequence, there had been no refusal to deliver on its part. The obvious answer to this is that no demand was necessary in order to justify the defendants in setting up and maintaining the defense of a failure or want of consideration, partial or total. The plaintiff agreed, as part of the consideration for the execution and delivery of the note in question, to deliver the machine to defendants in as good condition as it was when brought to the village from Rydenskold's farm; and upon a failure to so deliver a breach of this agreement could be pleaded as a partial or entire defense to the note. The plaintiff could not insist upon the defendants complying with their part of the contract by payment of the note when in default upon its part of the contract as to delivery of the machine. It is not out of place to observe that the only reasonable or substantial consideration for the execution and delivery of defendants' notes was the machine itself. It had been taken away from Rydenskold by plaintiff, or under its direction, and thereupon his notes were no longer legal, enforceable obligations. Minneapolis Harvester Works v. Hally, 27 Minn. 495, 8 N. W. 597. We are not required to discuss any other of the assignments of error made by plaintiff's counsel.

Order affirmed.