## C. J. AHLERS AND OTHERS v. HARRY C. JONES.[1]

March 1, 1935.

No. 30,078.

*Albert Mohn,* for appellants.
*Milton I. Holst,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action to recover the balance alleged to be due on a conditional sale note. On or about August 13, 1929, defendant purchased an automobile from plaintiffs, copartners, engaged in the business of selling automobiles in Red Wing, Minnesota. As part of the purchase price he gave plaintiffs a note due March 1, 1932, for $845.

[1]Reported in 259 N. W. 397.

This note was in the form of a usual conditional sale note, reserving title to the car in the plaintiffs and giving them the right to repossess upon default by defendant in the payments thereunder. Before the due date defendant paid in cash $158.21, which was credited on the note. Some time after the due date defendant drove the car into plaintiffs' garage. Shortly thereafter the car was sold by plaintiffs to a third party for $362, cash, which amount also was credited on defendant's note. Defendant was given a further credit of $100 for a second-hand Oldsmobile. The balance alleged to be due on the note with interest is the amount now sued for. In the complaint plaintiffs stated another cause of action for services rendered in repairing defendant's car. This was abandoned on the trial, however, and no further notice need be taken of it now.

The only question involved in this case is the character of the plaintiffs' repossession. It is contended by defendant that plaintiffs repossessed the car and accepted the same in full and complete satisfaction of the balance due on his note. It is claimed by plaintiffs that in selling the repossessed car to a third party they acted merely as agents for defendant under an oral agreement with him to this effect and that they did not accept the car in full and complete satisfaction of the debt. In substance the court instructed the jury that the only question before them was whether or not the car, when returned, was accepted by plaintiffs in complete satisfaction of defendant's debt or whether the plaintiffs and defendant orally agreed that plaintiffs should have and retain possession of the car merely as defendant's agent for the purpose of selling the same. The jury returned a verdict for defendant, thereby finding that the plaintiffs repossessed the car and accepted the same in full and complete satisfaction of the note. From an order denying a new trial plaintiffs perfect this appeal.

In Holmes v. Schnedler, 176 Minn. 483, 484, 223 N. W. 908, and in several Minnesota decisions cited therein it is said that the seller under a conditional sale contract has three remedies. He may (1) repossess the property, (2) recover the purchase price, (3) bring an action to foreclose his lien. The first two remedies are gen-

erally regarded as inconsistent and noncumulative. The seller may not avail himself of both. Minneapolis Harv. Works v. Hally, 27 Minn. 495, 8 N. W. 597; Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Alden v. W. J. Dyer & Brother, 92 Minn. 134, 99 N. W. 784; A. F. Chase & Co. v. Kelly, 125 Minn. 317, 146 N. W. 1113, L. R. A. 1916A, 912. This doctrine has been the occasion for much criticism by writers and judges and even by our own court in previous decisions. It must be granted that there is much reason for this criticism. However, because of this long line of decisions in this state, we must adhere to it now.

We need not decide specifically what the result might be if it were established as a fact that plaintiffs repossessed the car and held it merely as defendant's agent for the purpose of selling it. The question as to whether such an agreement existed was purely one of fact. The jury found against plaintiffs and so found that their repossession was absolute and that the car was accepted in full discharge of the note. This finding cannot be disturbed. Defendant testified that he "turned" the car in. It is apparent from his testimony that at the time of leaving his car with the plaintiffs he considered that he was surrendering absolutely the possession of the car. He testified that Worden, one of the plaintiffs, said when defendant told him that he could not keep up payments on the car: "We will have to take it back if that is the case." Plaintiffs' evidence is directly to the contrary. A question of fact is presented. It is immaterial what we might decide if we were jurors for when, as here, there is some evidence to support the verdict it must be upheld. Since the possession of plaintiffs was absolute, we must under the rule of the above cited cases hold that they accomplished an election by repossessing the property and so cannot now sue for the remainder of the purchase price.

It is perhaps unfortunate for plaintiffs that they did not proceed to foreclose their lien on this car. Had they so done they could have obtained a deficiency judgment for the balance now sued for. In Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908, it is stated that the conditional seller retains an unpaid seller's lien which he may foreclose. We are thoroughly in accord with the

views there expressed except that we believe the lien retained by a conditional seller is not the conventional unpaid seller's lien which requires possession for its validity but rather is a lien similar to that accorded a chattel mortgagee. The similarity between a conditional sale and a chattel mortgage is everywhere recognized. 2 Williston, Sales (2 ed.) § 579, p. 1425; Bogert, *Evolution of Conditional Sales Law in New York,* 8 Cornell L. Q. 303, 304.

The conditional seller's lien may be foreclosed by the bringing of an action in equity. Thus, just as a mortgagee, from time immemorial, has had a right to foreclose his mortgage by bringing an action in a court of equity, so .a conditional seller also has a right to foreclose by such an action. However, just as the foreclosure of a mortgage by advertisement is prescribed and regulated entirely by statute, so, too, any remedy or means of foreclosing a conditional sale contract other than by bringing an action must be statutory. It is beyond our province as a court to prescribe any means of foreclosure other than by action. A more desirable method must wait until the legislature sees fit to enact the uniform conditional sales act. Then we shall have a just and fair law under which both parties to a conditional sale contract will be protected. The unfortunate thing is that we as a court can protect the conditional seller by giving him an option of several remedies, but we are powerless to protect the conditional buyer because we cannot legislate and change our present law so as to give the buyer a right to demand a foreclosure. Under the present state of our law the seller always can repossess summarily if he so desires. There will, however, be no foreclosure unless the seller desires, regardless of the buyer's wishes in the matter.

In conjunction with foreclosing his lien, it seems to us that the seller can best protect his interest by commencing two actions, in one of which he seeks to foreclose his lien and in the other of which he seeks to replevin the conditionally sold property. He can do this without accomplishing an election. Of course, he may bring an action to foreclose without bringing any replevin action at all, or he may bring the two separately. For fear of accomplishing an election, however, he should not bring the replevin

action before he brings the action to foreclose, though he can bring this replevin action any time subsequent to the institution of his action to foreclose. The seller is then entitled to a default judgment after a public sale such as the court will order, and the buyer, of course, is entitled to any overplus in the seller's hands after costs and expenses and the amount of the lien have been satisfied. The use of replevin in connection with foreclosing a lien is not altogether new in this state. See 2 Mason Minn. St. 1927, § 8526, where a garage man is by statute authorized to foreclose his lien and institute replevin in connection therewith. For a general discussion of the seller's right to foreclose his lien, see note in 17 Minn. L. Rev. 66, *et seq.*

Affirmed.

STONE and LORING, JUSTICES, concur in the result.

JULIUS J. OLSON, JUSTICE (concurring).

I think a fact question only was involved, and as the same has been resolved favorably to defendant's claim that settles the issue.