## MIDLAND LOAN FINANCE COMPANY v. CLARENCE OSTERBERG AND ANOTHER.[1]

November 5, 1937.

No. 31,358.

*Leonard, Street & Deinard,* for appellant.
*Linderman & Shaeffer,* for respondent.

STONE, JUSTICE.

Appeal from an order denying plaintiff's motion for amended findings or a new trial in replevin for an automobile. The facts were stipulated.

May 22, 1935, plaintiff's assignor, McNeal Motor Sales Company, sold on conditional sale contract an automobile to one Emanuelson. A down payment left a balance of $650 payable in monthly instalments, the buyer giving his promissory note therefor. Both

[1]Reported in 275 N. W. 681.

note and contract were assigned to plaintiff. January 2, 1936, the buyer being in default on several instalments, plaintiff commenced action for their recovery and twice garnished his wages. January 18 Emanuelson sold the car to defendant and went into voluntary bankruptcy three days later. February 5, 1936, plaintiff dismissed its action for the overdue instalments, released the garnishments, and later brought this suit in replevin. The court first found for plaintiff and ordered judgment for return of the car or its value. Subsequently, on motion, the trial court reversed itself and ordered judgment for defendant. From that order this appeal was taken.

The first and correct decision below was on the ground that mere suit for the purchase price did not constitute an election to treat the sale as absolute and thus bar the seller's right to repossess. The second and erroneous order was for the stated reason that this court had on many occasions said that "merely suing for the price constitutes an election." See Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Alden v. W. J. Dyer & Bro. 92 Minn. 134, 99 N. W. 784; Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908.

The question presented is whether the commencement of an action by the seller to recover the purchase price, promised him absolutely by the buyer under a conditional sale contract, is, as an election of remedies, a bar to the subsequent exercise of the right of repossession, also unconditionally reserved, with the title, to the seller until all the purchase price is paid him.

The decision law generally, as well as locally, on that question is in a condition nothing short of a mess of irreconcilable contradiction. Some of its conclusions rest too much on mere assertion rather than reasoned argument. The digests and text books (see, for example, 12 A. L. R. 503; 56 A. L. R. 238; 55 C. J. 1269-1271; 24 R. C. L. 482-484) show the general condition. Locally, one runs into the fog in comparing Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908, and First Nat. Bank v. Flynn, 190 Minn. 102, 250 N. W. 806, 92 A. L. R. 1272. In the former we held that "reducing to judgment a past due instalment payment on a conditional sale contract is an election to treat the sale as absolute and defeats"

the seller's right of repossession. In several earlier cases there cited it was said that the mere [176 Minn. 485] "assertion of this remedy" by suit for the purchase price is an abandonment of all others.

In the Flynn case, 190 Minn. 102, 250 N. W. 806, 92 A. L. R. 1272, which did not involve a conditional sale contract, but did put decision upon the doctrine of election of remedies, we pointed out that the purpose of the law is not to prevent recourse to any particular remedy, but to bar double redress for a single wrong. We said also that the underlying reason for a rule of law should be somewhat controlling in its application, a proposition which nobody denies but which it is easy to overlook in the kaleidoscopic and fast-moving cinema of modern litigation. In principle, the results in the two cases are irreconcilable.

As to its conventional subject matter, the name "conditional sales contract," while not altogether a misnomer, is misleading. The contract is unconditional in that both parties, seller and buyer, are bound absolutely. The only condition is that title shall not pass until all the purchase price is paid.

If the thing sold be real estate rather than chattels, no one calls the contract conditional. The usual contract for deed, similar in all respects save subject matter and the consequent need for a deed from vendor to vendee when the latter has fully performed, is never considered conditional. All such agreements are conditional only insofar as the intended result depends on full performance. As contracts, they are in fact absolute. They are executory only with nothing about them of the peculiar, difficult, or abstruse save as lawyers and judges make them so.

Put in their proper category of executory contracts, and they are nothing more, much if not all of the difficulty disappears that has arisen solely from the judicial creation of the anomalous category of "conditional sales contract." That characterization will be of utility rather than difficulty only as it is understood to embrace one sort of executory contracts for the sale of personal property, with nothing of condition not present in other contracts when full performance is postponed by the contract itself.

Much of the decision law tacitly ignores the basic fact that there is nothing illegal, and ordinarily none of the equivocal, about a conditional sales contract. The intention of the parties, therefore, as expressed in their words, which are but the voice of their purpose, should be effectuated. That purpose is plain. It is that the seller has an absolute right that each deferred payment be made as promised, and that until the whole price is paid the title will remain his. The promise of each payment is the absolute obligation of the buyer. If he pays voluntarily, it cannot affect the situation other than to reduce the unpaid purchase price. That being so, why should the seller's attempt by legal means to compel payment have any effect upon the existing contractual status? Why should an action for an instalment of the price, or an unpaid judgment for the same, have an effect upon the contractual status at the time being that does not attend payment of the debt sued for or evidenced by the judgment?

The contract is, not that the seller shall keep the title until he sues for the price or gets a judgment, but that it shall remain in him until he gets his money. Is it not then to defeat rather than effectuate plainly expressed contractual intention to decide that the seller's suit for the price or a piece of it transfers title to the buyer? It has been so held. Frisch v. Wells, 200 Mass. 429, 86 N. E. 775, 23 L.R.A.(N.S.) 144. See 56 A. L. R. 238. And that result follows automatically if the buyer's suit for the price deprives him of his right to repossess. Yet the contract says, as plainly as words may say so, that the transfer of title is not to take place until all the price is paid.

Returning to the analogy of executory contracts for the sale and conveyance of land, we hold that the vendor has his ordinary action on the contract for an unpaid instalment of the purchase price. Benjamin v. Savage, 154 Minn. 159, 191 N. W. 408, 35 A. L. R. 97, and cases cited. What a weird decision it would be that such an action would vest title in the vendee? A different rule applies in such cases as to the last instalment, because, upon making that payment, the vendee is contractually entitled to his deed, and the deed or tender of it is therefore condition precedent to his obliga-

tion to pay. That feature is absent from the conditional sale contract for chattels since nothing more than payment is required from the buyer to transfer title. No bill of sale is required to confirm title in the buyer. His last payment vests title in him automatically under the contract and by operation of law. But if any mere election by the seller to sue may pass the title, by operation of law, it may do so as to land as well as to chattels. The only difference is that in the former case a judgment, declaring the fact, would be required in place of a deed for purposes of the record.

Where is the inconsistency between the seller's action for the purchase price and his later attempt to repossess for nonpayment? Both rights are given him unconditionally by contract. Therefore, his demand for the money, however pressed legally, is wholly consistent with his claim to the title until the whole price is paid. That point being clear, as it must be upon any real examination of essentials, there disappears the element of inconsistency of remedies upon which all the cases opposed to our present holding proceed.

As Mr. Justice Holmes said in White v. Solomon, 164 Mass. 516, 518, 42 N. E. 104, 105, 30 L. R. A. 537:

"We are not to construe equities into the contract, but to carry it out as the parties were content to make it. If a man is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so, and thereby binding himself to pay the whole sum."

If a creditor in the ordinary case has a lien to secure his debt, the invariable rule is that judgment for the debt does not merge or destroy the lien. John Hancock Mut. L. Ins. Co. v. Meester, 173 Minn. 18, 216 N. W. 329. That is because, under the contractual relationship and obligations from which they arise, there is nothing inconsistent in the two remedies. Although the reserved title of the conditional seller of chattels is something more than a lien, there is no more inconsistency between his action for the purchase price and his continued reservation of title than there would be if he had a mere lien. The analogy is complete, and it is beyond our

vision to discover why if in the one case, that of the lien, the seller does not waive any right by suit, he does so in the other.

Perhaps many a decision has been motivated by the feeling that conditional sales contracts are harsh. So they are in some of their operations. But so long as we judges function in our proper sphere of adjudication and keep out of that of legislation, with which we have no official concern, it is not for us to attempt the creation of artificial remedies for the harshness. In this state the legislature has taken some notice of the situation by L. 1931, c. 339 (3 Mason Minn. St. 1936 Supp. §§ 8363-1 to 8363-5) giving the, buyer a species of right of redemption as against the seller's remedy of repossession.

What we consider the correct conclusion is nowhere better expressed or more solidly buttressed than in Ratchford v. Cayuga County C. S. & W. Co. 217 N. Y. 565, 568, 112 N. E. 447, 448, L. R. A. 1916E, 615. In that case all payments under a conditional sale contract had been made except the last. The seller had sued the buyer for that and gotten judgment which had never been paid. Then the question arose whether the seller, by that suit and judgment, had "forfeited the right to regain possession * * * and made the title of the vendee absolute, though it had been conditional before." That question was answered by the unanimous court, speaking through Mr. Justice Cardozo, as follows:

"The question depends for its answer upon the law of election of remedies. Where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other. But, to have that effect, the remedies must be inconsistent. We find no inconsistency here. The contract says that title is to remain unchanged till the price is paid in cash. The vendor had the right to receive the price, and brought an action to get it. The judgment preserves the obligation of the vendee's promise to make payment, but puts it in another form. There is no inconsistency between an attempt to get the money, and a reservation of title if the attempt is not successful. In asserting title the vendor does not treat the contract as void in its inception."

The New York court of appeals frankly recognized, as we do, the existence of much eminent authority disagreeing with its conclusion.

Feeling that the reasons above indicated, without more, are compelling, we leave the matter. The cases are collected at 12 A. L. R. 503; 56 A. L. R. 238; 55 C. J. 1269-1271; 24 R. C. L. 482-484. Necessarily, what we have said requires that Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908, and our earlier cases, insofar, but insofar only, as they are at variance with the conclusions herein stated, are disapproved. This decision touches not at all the question of what happens to the seller's rights if, instead of a suit for the price, he first repossesses the property. That question is not before us. As our law now stands, such conduct bars a later action for recovery of the purchase price. Minneapolis Harvester Works v. Hally, 27 Minn. 495, 8 N. W. 597; Keystone Mfg. Co. v. Cassellius, 74 Minn. 115, 76 N. W. 1028; Alden v. W. J. Dyer & Bro. 92 Minn. 134, 99 N. W. 784.

The order under review must be reversed with directions for reinstatement of the first decision below, that in favor of plaintiff.

So ordered.