GERTRUDE S. GREATON, EXECUTRIX OF ESTATE OF DEAN L. GREATON, v. MICHAEL R. ENICH.

185 N. W. (2d) 876.

April 2, 1971—No. 42626.

*Rischmiller & Wasche* and *Bruce E. Coleman,* for appellant.

*Naughtin & Mulvahill* and *David Naughtin,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

MURPHY, JUSTICE.

Appeal from summary judgment in an action by a secured creditor to recover the balance of the purchase price due under a conditional sales contract. The issue is whether, on the showing made in support of such motion, the trial court was warranted in holding that, under authority of Yellow Mfg. Acceptance Corp. v. Handler, 249 Minn. 539, 83 N. W. (2d) 103, plaintiff elected to repossess the property, thereby defeating her right to recovery of the balance of the purchase price.

On the basis of the record, pleadings, affidavits, depositions, and interrogatories, it appears that plaintiff, Gertrude S. Greaton, executrix of the estate of her deceased husband, sold his dental office equipment to defendant, Michael R. Enich, for the purchase price of $8,000. Defendant paid $4,000 upon execution of the conditional sales contract, dated November 30, 1968. The equipment was in an office located in a building presumably owned by the estate. The contract provided that the equipment was not to be removed until the purchase price was paid in full. After the purchaser was in possession for about 20 days, he wrote a letter to plaintiff in which he informed her that he was "cancelling" the agreement, that he was vacating the premises, and that he was "holding the key to the premises at your disposal and will await your instructions." He proposed to pay rent for the time he used the premises and would "provide any assistance requested in the sale of said equipment and business." He

demanded return of the $4,000 he had paid, less rent and reasonable compensation for use. On May 9, 1969, plaintiff sent a written communication to defendant demanding payment of the $4,000 balance of the contract price. When no response was received, plaintiff, on August 18, 1969, instituted an action for the recovery of the balance, together with attorney's fees provided for by the contract.

The applicable contract provision governing the parties in the event of breach recites:

"That if said vendee shall fail to pay said purchase price or any part thereof as above provided, or shall violate any of the conditions hereof, or in case said vendor shall at any time deem herself insecure as to said property or said price thereof by reason of failure to keep the terms and conditions hereof by said vendee or of any other reasonable cause, said vendor hereby retains and shall have the right to take immediate possession of all said property and to retain all sums which shall then have been paid hereunder as liquidated damages and for the use of said property; or, at vendor's option, to declare all the then remaining unpaid purchase price to be immediately due and payable and to proceed to recover the same with interest, and the necessary costs and disbursements of so doing, including an attorney's fee of One Hundred Fifty and no/100 ($150.00) Dollars."

In his answer, defendant asserted failure of consideration, fraudulent misrepresentation, mistake, breach of warranty, the statute of frauds, and, in a counterclaim, demanded the return of his downpayment of $4,000 less rent. After preliminary interrogatories and depositions, defendant moved for summary judgment on the ground that there was no genuine issue as to any material fact. Rules 56.02 and 56.03, Rules of Civil Procedure. After hearing, the trial court granted the motion, being of the view that, on the basis of the depositions, admissions at the hearing, and answers to certain interrogatories, "plaintiff refused

to give possession of the property involved to defendant," that the demand for the balance of the purchase price was not timely, and that plaintiff "effected a repossession by her refusal at a time when demand had not yet been made. Such retaking bars a later action for the recovery of the purchase price. *Yellow Mfg. Acceptance Corp. v. Handler,* 249 Minn. 539, 83 N. W. 2d 103."

It is well established that on a motion for summary judgment the moving party has the burden of proof, and the nonmoving party has the benefit of that view of the evidence most favorable to him. Ahlm v. Rooney, 274 Minn. 259, 143 N. W. (2d) 65. Ordinarily, the inquiry is directed as to whether there are any material issues of fact to be determined and whether the court erred in its application of the law. Minneapolis, St. P. & S. S. M. R. Co. v. St. Paul Mercury-Ind. Co. 268 Minn. 390, 129 N. W. (2d) 777. See, generally, 10 Dunnell, Dig. (3 ed.) § 4988b. The provisions contained in Rule 56, Rules of Civil Procedure, governing motions and proceedings in summary judgment, are fully discussed in the recent publication of 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 562.[1]

It seems to us that there are a number of fact issues which should be resolved before the rights of the parties are adjudicated. The issue of election of remedies should be presented to the court in the context of the entire relationship between the parties. Among other things, such fact issues involve the questions of whether or not the seller in fact repossessed the property or whether the purchaser abandoned the property and the seller took custody to protect its salvage value. Minnesota State Bank v. Batcher, 263 Minn. 71, 116 N. W. (2d) 77.

From the record before us it appears that the showing bearing upon the issue of repossession is too vague and equivocal to say that no issue of fact is involved. At all times it appears that defendant had access to the premises where the property was lo-

---

[1] The parties agreed that the matter was presented to the trial court on the theory that the Uniform Commercial Code—Secured Transactions, Minn. St. 336.9—101 et seq., is not controlling.

cated. Plaintiff's conduct was at most passive, and the record we have does not satisfactorily establish affirmative acts on her part which would terminate the contract so as to deny her the right to sue for the purchase price. The legal status of the secured property was created by the act of the buyer. While it is true that plaintiff waited some time before making a demand for the balance of the purchase price and did not institute an action therefor until 8 months after defendant's breach, that circumstance may be attributed to what appears to be defendant's ambiguous stance with reference to the assertion of his rights. In any event, the record indicates a course of conduct by the seller which is entirely consistent with an intent to adhere to the terms of the contract and to retain her rights thereunder. We think the case should be tried on its merits.

Reversed and remanded.