17 P.(2d) 946

### GENERAL MOTORS ACCEPTANCE CORPORATION v. BALLARD.

No. 3704.

Supreme Court of New Mexico.

Dec. 9, 1932.

H. C. Buchly, of Roswell, for appellant.

J. C. Gilbert, of Roswell, for appellee.

NEAL, J.

This action was filed in the office of the clerk of the district court for Chaves county, state of New Mexico, on the 15th day of October, 1929. The complaint, in substance, alleged that on June 6, 1928, the appellee purchased from the appellant a Chrysler roadster, agreeing to pay therefor the sum of $520, of which sum $200 was paid in cash, and a conditional sales contract was executed, by which it was agreed to make ten deferred payments monthly, of $32 each, beginning July 6, 1928. The contract is attached as an exhibit to the complaint in the cause, and the terms of the contract are thus made a part of the complaint.

It is further alleged that appellee made four payments on the said contract and defaulted in payment of the remainder. It is alleged that there is a balance due on the contract of $175.50, principal, $8.77 interest, and the complaint asked for an attorney's fee of $26 as provided in the sales contract in the event the contract is placed in the hands of an attorney for collection, and it is alleged that the same was so placed. For this sum appellant asked judgment.

To this complaint the appellee interposed a demurrer, and for the grounds of the demurrer states:

(1) "That said complaint does not state facts sufficient to constitute a cause of action.

(2) "That said complaint on its face does not state facts sufficient to constitute a cause of action in this, that it shows that plaintiff had never parted with the title to the property described in said complaint and that at all times in said complaint mentioned was the owner of the automobile described therein, and that by reason of said ownership being kept and retained, that defendant was never more than bailee for hire and could not be liable to plaintiff in any amount other than for the use of said automobile during such time as defendant might have had and used the same and that this is not any action for hire but is an action for purchase price of said car which defendant never had title to.

(3) "That said complaint on its face does not state facts sufficient to constitute a cause of action, in this, that the allegations of said complaint show that plaintiff had any one of three causes of action, that is: (1) for the purchase price of said automobile, (2) for the use and hire of said automobile, (3) for the possession of said automobile."

The court heard argument on the sufficiency of the complaint as tested by this demurrer, sustained the demurrer, and dismissed the cause. To this action the appellant duly excepted and presents this assignment of error as the grounds for reversal here.

The first ground of demurrer, to wit, that "the complaint does not state facts sufficient to constitute a cause of action," is not sufficient, for the reason that it does not distinctly specify the grounds of objection sought to be presented and is too general in its nature. Section 105–412, Compilation 1929; Williams et al. v. Kemp et al., 33 N. M. 593, 273 P. 12.

■ The second and third grounds for demurrer present for consideration the question as to whether the appellant, under its contract with the appellee, by which it reserved title to itself in the property, having taken possession of the same on default in payment, could sell the property, apply the proceeds of such sale to the amount of the debt, and recover the deficiency by action?

The contract, so far as material to the determination of the question here presented, provides:

"1. Title to said property shall not pass to the purchaser until said amount is fully satisfied in cash."

"3. In the event the purchaser defaults on any payment or fails to comply with any condition of this contract or a proceeding in bankruptcy, receivership or insolvency be instituted against the purchaser or his property, or the seller deems the property in danger of misuse or confiscation, the full amount shall, at the election of the seller, be immediately due and payable, and purchaser hereby authorizes any attorney-at-law to appear for said purchaser in any court of record in the United States, waive the issue and service of process, and confess judgment against said purchaser for the amount due hereunder in favor of the seller or assignee."

"6. Time is of the essence of this contract, and if the purchaser default in complying with the terms hereof, or the seller deems the property in danger of misuse or confiscation, the seller or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose the seller may enter upon the premises where said property may be and remove the same. The seller may resell said property, so retaken, at public or private sale without demand for performance, with or without notice to the purchaser, (if given, notice by mail to address below being sufficient), with or without having such property at the place of sale, and upon such terms and in such manner as the seller may determine; the seller may bid at any public sale. From the proceeds of any such sale, the seller shall deduct all expenses for retaking, repairing and reselling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser; in case of deficiency the purchaser shall pay the same with interest and the purchaser does hereby confess judgment in the amount of such deficiency. Seller may take possession of any other property in the above described motor vehicle at the time of repossession and hold the same temporarily for the purchaser without liability on the part of the seller."

"7. Seller shall have the right to enforce one or more hereunder, successively or concurrently, and such action shall not operate to estop or prevent the seller from pursuing any further remedy which he may have hereunder, and any repossession or retaking or sale of the property, pursuant to the terms hereof shall not operate to release the pur-

chaser until full payment has been made in cash."

The demurrer proceeds upon the theory that, since the contract of sale reserves the title to the property in the vendor, and the vendor repossesses himself of the property, the consideration for the payment of the balance of the purchase price fails, and that any further liability which might exist between the parties to the contract could only be compensation for the use of the automobile while in possession of the vendee. This might be true but for the provision of paragraph 6 of the contract above quoted. It will be seen that paragraph 6 of the contract, above quoted, specifically provides that, if the purchaser makes default in the payment, the vendor may take immediate possession of the property without demand, and resell the property so taken, at public or private sale with or without notice, and apply the proceeds arising from such sale to the expense of retaking, reselling, and repairing the property, together with a reasonable attorney's fee, and apply the balance arising from such sale on the amount due under the contract, and, if any surplus remains, it should be paid over to the purchaser, and, if the property at such sale does not bring a sufficient sum to pay the full amount contracted to be paid, the vendor may have his right of action to recover such deficiency.

Without discussing the fairness or unfairness of this clause of the contract, it is clear as to its terms, and we know of no legal inhibition, preventing its enforcement.

The Encyclopedia of Automobile Law, by Mr. Huddey, vol. 11–12, § 166, uses the following language: "In some jurisdictions a stipulation for repossession of the article sold and release of the seller from his agreement to convey title to the buyer is regarded as an agreement for rescission, when found in a conditional sales contract, even though the buyer has unconditionally agreed to pay, unless the contract includes a promise upon his part to pay any balance due after the proceeds of the sale of the article have been applied upon the debt."

In Campbell Motor Co. v. Spencer, 22 Ala. App. 405, 116 So. 892, 893, the Court of Appeals of Alabama had under consideration the clause of a contract almost identical with the one under consideration here. The court in that case said:

"The serious question arising in this case is as to the rights of the seller under a contract, not only reserving title, but also authorizing a resale of the property upon reducing it to possession under the contract and the application of the proceeds of the sale to the balance due on the purchase price, together with a provision that if there is any balance remaining unpaid the buyer shall be liable for such deficiency, and if the second sale is more than the balance due, the seller shall first apply the amount received to the extinguishment of the debt and paying over to the buyer any excess of such proceeds. This clause in a conditional sale contract has been the subject of many decisions of courts of last resort, all of which, with the exception of the Supreme Courts of Minnesota and Ar-

kansas have held the contract to be valid and enforceable. Fulghum et al. v. General Motors, a Corporation, 30 Ga. App. 609, 118 S. E. 600; Warner v. Zuechel, 19 App. Div. 494, 46 N. Y. S. 569; Ascue v. Aultman & Co., 2 Willson, Civ. Cas. Ct. App. § 497. To the same effect are the decisions of the Canadian courts, many of which are collated in L. R. A. 1916A, page 919. As we see it, the clause hereinabove discussed is valid and binding and permits the vendor to repossess the property upon default of the purchaser, sell it, apply the proceeds to the debt, and sue for the balance due if any part of the debt is left unpaid."

Mr. Estrich, in his work on Installment Sales, § 341, p. 704, gives a clear and concise statement of the rights of the parties under a contract of this character. He says:

"The repossession of the property by the seller under a contract providing that, if the buyer made the stipulated payments and complied with certain other requirements, he should be entitled to a bill of sale of the property, but that if he made default all rights under the contract were to cease, and the seller might take possession of the property, was held to prevent a recovery of the purchase price; in such a case there is a failure of consideration for the buyer's promise to pay the purchase price. The seller in such a case obtains possession of his property and is entitled to the payments that have been made to him; the fact that he has indulged the buyer upon the latter's promise to make payments in default does not entitle the seller to recover the payments in default, or damages for the breach of contract or the fair value of the use of the property.

"But there may be a recovery after taking possession under a contract expressly authorizing the seller to take possession on certain conditions, and sell the property and apply the proceeds toward the payment of the note. And under such a contract a recovery against endorsers of the buyer's notes for a deficiency was sustained. It has been held that the agreement that the proceeds of any resale should be applied to payment of the purchase price carries with it, by necessary implication, the promise on the part of the buyer to pay any balance remaining unpaid after crediting the proceeds of the sale. The Supreme Court of Oregon says:

"The rule followed in this state is in effect that where one of the remedies provided in a contract for the sale of the property, containing a reservation of the title in the seller until payment of the purchase price, is the right, on the default of the buyer, to seize and sell the property at public or private sale and apply the proceeds toward the payment of the purchase price, and the seller exercises this right, he is entitled to recover from the buyer any balance remaining after so crediting the proceeds of the resale. The right to recover the purchase price under such a contract has been sustained, although there is no express provision that the proceeds of the sale are to be applied on the note, where there is an absolute promise to pay. If it appears from the whole contract that it

was the intention of the parties that whatever remained due should be paid by the buyer, recovery may be had. [First Nat. Bank v. Yocom, 96 Or. 438, 189 P. 220.]"

We agree with the doctrine as thus announced, and therefore conclude that the complaint in this cause stated a cause of action and that the court erred in sustaining the demurrer of appellee thereto. For this reason the cause is reversed and remanded, with directions to proceed with the cause in accordance herewith.

BICKLEY, C. J., and WATSON, SADLER, and HUDSPETH, JJ., concur.