KEYSTONE PRESS, INCORPORATED, DEFENDANT IN ERROR, v. SPENCER D. BOVARD, PLAINTIFF IN ERROR.—153 S. W. (2d) 130.

Kansas City Court of Appeals.  June 16, 1941.

*Jay L. Oldham* and *W. Raleigh Gough* for plaintiff in error.

*Fred J. Wolfson* and *Cecil Nelkin* for defendant in error.

CAVE, J.—This case reaches this court by writ of error to review the judgment of the Circuit Court of Jackson County in an action by defendant in error (as plaintiff), against plaintiff in error (as defendant), to recover the balance due on a conditional sale contract and for a lien on the subject of sale, to-wit, a certain printing press and equipment. For brevity the parties will be referred to as they were in the trial court, plaintiff and defendant.

The case was tried as a suit in equity and the court found for plaintiff on its petition in the amount of $521.25 and for defendant on his counterclaim for $50, and entered general judgment against defendant for $471.25; and declared it a lien on the printing press

and equipment, ordered the lien foreclosed and if the judgment was not satisfied thereby, then plaintiff have general execution. No appeal was taken by plaintiff from the judgment on the counterclaim.

The petition alleged that plaintiff sold defendant a ''Miller High Speed Press'' and certain equipment therefor at a price of $700, of which defendant paid $100 at the time of sale and executed his note for the balance of $600, payable in installments, with interest at six per cent per annum; that such contract of sale provided that title to the goods should remain in plaintiff until the balance of such purchase price be paid; that the balance due, with interest, is $521.25; and that plaintiff ''hereby elects to set up its equitable lien'' against the property.

Defendant filed answer and set up a counterclaim for damages for certain alleged breaches of the contract of sale. It is also charged in the answer that plaintiff has an adequate remedy at law, and that it has elected its remedy by filing a replevin suit for the press and equipment in a justice of the peace court, which action proceeded to a trial and judgment rendered for defendant, from which no appeal was taken, and having so elected to proceed by replevin and that suit proceeding to final judgment, the plaintiff cannot now maintain this present action. No reply was filed but the case was tried as if the allegations of the answer were put in issue, and it is so treated in this court.

The essential facts are not in dispute. Plaintiff sold defendant a press and certain equipment for $700, defendant paid $100 in cash and gave a note for the balance and executed what is designated as a ''chattel mortgage,'' but which is conceded to be a ''conditional sale contract.'' Defendant did not pay the first installment due and sometime thereafter plaintiff filed, in the justice court, a suit in replevin for possession of the property involved herein. To that suit defendant filed answer and counterclaim, alleging certain breaches of contract; and further alleged that plaintiff had failed to tender to defendant at least seventy-five per cent of the purchase money paid under the contract as it was required to do by section 3516, Revised Statutes of Missouri, 1939. That case was tried in the justice court, resulting in a judgment for defendant on the replevin action and for plaintiff on defendant's counterclaim. No appeal was taken.

The conditional sale contract here under consideration, among other things, provided that the title to the property sold should remain in the vendor until the full purchase price was paid; and it further provided that, if the vendee did not make the payments as specified, the vendor may take possession of the property wherever found and all prior payments made by vendee should be forfeited.

No point is made concerning defendant's evidence on his counterclaim, therefore, it need not be detailed.

There is but one point in the case; defendant states it thus: "Plaintiff having once elected to treat the sale as conditional and the condition as broken, by filing its replevin action and prosecuting the same to a final judgment, was bound by its election, and could not thereafter pursue the inconsistent remedy of treating the sale as absolute and suing for the purchase price and for an equitable lien."

Plaintiff states the point in this manner: "Was plaintiff precluded (estopped) from bringing this action in equity in the circuit court, because of the judgment in the replevin action in the Justice Court?"

From an examination of the authorities cited by both parties, it seems to be well settled in this State that under a conditional sales contract, *upon default in the payment of the balance of the purchase price, the vendor may, at his option or election,* either (1) retake the property, with or without suit; or (2) sue for the purchase price, or (3) by proper suit foreclose his equitable lien. [Wayne Tank and Pump Co. v. Quick Service Laundry Co., 285 S. W. 750; Kolb v. Golden Rule Baking Co., 222 Mo. App. 1068, 9 S. W. (2d) 840; General Excavator Co. v. Emory, 40 S. W. (2d) 490.]

The remedies which the vendor has all arise out of the breach of the contract by the vendee and when the breach occurs the vendor may pursue any of the remedies given him. But he cannot pursue all of them; he must elect which action he will take and when he has elected and pursues that cause to a final judgment he cannot, if unsuccessful, again elect to pursue a different cause of action. [Powell v. Schultz, 118 S. W. (2) 25, l. c. 30; U. S. F. & G. Co. v. Fidelity Nat. Bank & Trust Co., 109 S. W. (2d) 47, l. c. 49; Twentieth Century M. Co. v. Excelsior Springs M. W. & B. Co., 171 S. W. 944.]

In the last above-cited case, which involved a conditional sale contract, this court, at page 947, said: "The rule in cases of this character is that the prosecution of one remedial right to *judgment* or *decree* whether the judgment is for or against the plaintiff, is a decisive act which constitutes a conclusive election, and bars the subsequent prosecution of inconsistent remedial rights."

In its brief the plaintiff concedes it is the law "that when a party has prosecuted one remedial right to judgment or decree, he is forever barred from prosecution of inconsistent remedial rights. . . . The problem arises in determining when the remedies are inconsistent." It argues that the replevin suit brought in the justice court was merely a possessory action and did not involve the question of title. Granting that, nevertheless it was a right of action arising out of a breach of the contract, just the same as the right to sue for the balance due, or to enforce a lien, which it seeks to do by this action. It was one of the three causes of action which the courts have said the plaintiff had when the contract was broken. We understand plaintiff to admit that if the first action it brought had been for the balance of the purchase money and had been prosecuted to final judgment, then

a second action could not have been maintained for possession, and the cases so hold. If that be true, then it would seem clear that when the plaintiff elected to repossess the property by a replevin action, it made an election which it cannot repudiate after final judgment thereon.

Plaintiff also argues that since its possessory action, replevin, did not finally determine its right to possession of the property because, by complying with the provisions of section 3516, Revised Statutes of Missouri, 1939, it can again bring replevin, therefore, there was no final satisfaction of its rights or permanent ending to the litigation, and cites the case of U. S. F. & G. Co. v. Fidelity National Bank and Trust Co., *supra*, to support that position.

After a careful reading of that opinion we do not believe it rules the point at issue here, and is not subject to the construction made by plaintiff.

It is next asserted by the plaintiff that "under a conditional sales contract, one of the remedies the vendor may employ is to foreclose his lien in equity. . . . This is a cumulative or concurrent remedy with that afforded by section 3126, Revised Statutes 1929," (now Sec. 3576, R. S. Mo. 1939). It quotes from the case of General Excavator Co. v. Emory, *supra*, l. c. 492. But a reading of that opinion is authority for our conclusion here. The court in that case was not deciding a question of election of remedies, but it clearly recognized and approved the doctrine we have applied in this case. It said at l. c. 492:

". . . under a conditional sales contract, upon default in the payment of the purchase price, the vendor may, at his option, either retake the property, sue for the purchase price, or foreclose the lien, as is attempted to be done in this instance. Where it is the latter remedy that is chosen, the vendor is held to have elected to treat the property sold as security for the unpaid purchase price, and the amount of the price unpaid is held to create an equitable lien upon the property, upon which he may foreclose in a court of equity, regardless of the remedy afforded by section 3126, Rev. St. 1929, which is the statute prescribing the duty of the vendor before retaking possession of property which has been sold upon conditions such as are involved in the case at bar."

After a careful reading of the authorities cited by the parties and their able arguments, we are forced to the conclusion that the trial court erred in rendering judgment for plaintiff. It is therefore ordered that the judgment for plaintiff on its petition be and is hereby reversed.

All concur.