BRANDON *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

5-441                                         268 S. W. 2d 898

Opinion delivered June 14, 1954.

*Eugene Coffelt,* for appellant.

*Vol T. Lindsey,* for appellee.

WARD, J.   The decisive issue on this appeal is: Under what facts and circumstances does the holder of a Conditional Sales Contract repossess the merchandise so that. he is precluded from maintaining an action for the unpaid balance?

Appellant, Emerald Brandon, a resident of Pea Ridge, Arkansas, purchased an automobile from the Griffith Motor Company of Neosho, Missouri, on May 10, 1952. Brandon executed a Conditional Sales Contract to said motor company, which was promptly assigned for value to appellee, General Motors Acceptance Corporation, where he agreed to pay the total time balance due on the purchase price of $835.38 in 18 monthly installments of $46.41 each beginning June 1; 1952. At the same time Brandon took out an insurance policy on the automobile with the Motors Insurance Corporation protecting him against loss or damage by fire, with the usual clause insuring General Motors Acceptance Corporation as its interest might appear.

On February 27, 1953, the automobile was destroyed by fire. At this time Brandon had made all payments due up to March 1, 1953. The Motors Insurance Corporation

refused, on demand, to pay Brandon for the fire loss because, apparently, the officers were investigating a suspicion that the automobile was set on fire.

The automobile was found in a badly burned condition in the woods near Gravette, Arkansas, and the insurance company had it stored in Ballard's garage in that town.

On May 1, 1953, Brandon sued the Motors Insurance Corporation, alleging among other things that the automobile was "burned to such an extent that it was a total loss," and on July 13, 1953, Brandon obtained a judgment against the insurance company in the Benton Circuit Court in the sum of $575.

In the meantime General Motors Acceptance Corporation made demand on Brandon to continue his monthly payments, but Brandon refused to do so. The first week in April after the fire in February, Amon Bumgarner, field representative for General Motors Acceptance Corporation, saw the burned automobile for the first time in Ballard's garage, and, understanding it had been left there by the insurance company, had it transported to Anderson, Missouri, where it was stored.

On July 27, 1953, General Motors Acceptance Corporation filed this suit against Brandon for the unpaid balance due under the sales contract amounting to $417.69, and in the same action Dale Jefferson, Clerk of the Benton Circuit Court, was made defendant, as garnishee, alleging that he had funds in his possession belonging to Brandon and that he was holding, as trustee for it, the proceeds of the judgment on the insurance policy mentioned above. Brandon answered "that any claim General Motors Acceptance Corporation had against him [defendant] has been adjudicated and disposed of at a time when plaintiff repossessed and took possession of the automobile."

After hearing the testimony offered by both sides, the trial judge, sitting as a jury by agreement, rendered judgment in favor of General Motors Acceptance Corporation against Brandon and Anderson (garnishee) in the

sum of $342.69. This exact amount was arrived at by the court after deducting $75 for the salvage value of the automobile which was still in possession of General Motors Acceptance Corporation. The evidence fully sustains the trial court in fixing the value of the salvage at $75. The trial judge gave no written statement of the grounds or reasons upon which it based its final judgment.

In our opinion the judgment of the trial court was correct and must be affirmed by us.

The rule of law applicable to a case of this nature is well settled by the decisions of this state and is not questioned by either party. In substance the rule is this: The holder of a Conditional Sales Contract has the right to elect, in case of a breach, (a) to treat the contract as canceled and repossess the property, or (b) treat the sale as consummated and sue for the balance of the purchase price. See *Dixie Cab Company* v. *Black & White Cab Company,* 214 Ark. 624, 217 S. W. 2d 602, and *Loden* v. *Paris Auto Company,* 174 Ark. 720, 296 S. W. 78. Substantially this same rule, as it relates to the facts of this case, is in force also in the State of Missouri. In the *Keystone Press* v. *Bovard,* 236 Mo. App. 156, 153 S. W. 2d 130, the Supreme Court of Missouri said:

"From an examination of authorities cited by both parties, it seems to be well settled in this state that under a conditional sales contract, upon default in the payment of the balance of the purchase price, the vendor may, at his option or election, either (1) retake the property, with or without suit, or (2) sue for the purchase price, or (3) by proper suit foreclose his equitable lien."

In neither state can the seller have more than one remedy and the election of one excludes the other.

Applying the above rule, appellant strongly urges that General Motors Acceptance Corporation made its election of remedies when Bumgarner had the burned automobile taken to Anderson, Missouri, that General Motors Acceptance Corporation thereby elected to repossess said automobile and that, consequently, it there-

after had no right to sue for the balance of the purchase price.

We cannot agree with this contention made by appellant. We must assume that the trial court knew that if General Motors Acceptance Corporation actually repossessed the automobile it could not maintain this suit for the balance due on the Conditional Sales Contract. Therefore, since it is undisputed that the agent of General Motors Acceptance Corporation did have the automobile moved from Ballard's garage to Anderson, Missouri, the court must have found from the evidence that this taking by General Motors Acceptance Corporation did not amount to a repossession of the automobile such as is contemplated under the rule heretofore announced. In our opinion the evidence in this case is substantial to support such a finding by the trial court. We think the testimony sustains the finding that the action of General Motors Acceptance Corporation, through its agent Bumgarner, was taken only for the purpose of preserving the salvage value of the automobile, believing it to be abandoned by appellant. All of the testimony, including that of appellant, was to the effect that the automobile was burned beyond any possibility of repair and that the damage by fire caused a total loss.

Although appellant denies that he abandoned the automobile after it was damaged or destroyed by fire, yet his own actions and testimony are substantial evidence to support a finding to the contrary. Appellant made no effort to reclaim the automobile after the fire and of course refused to make further payments, although the car remained in Ballard's garage at the nearby town of Gravette from the latter part of February to the first week in April. On the contrary he states that he left Arkansas and went to Kansas some two weeks after the fire occurred, and that he thinks he first saw the car about the first of April. Appellant attaches significance to the fact that Bumgarner wanted his permission to sell the salvaged automobile, contending this indicated General Motors Acceptance Corporation had repossessed the automobile. We do not think this conclu-

854

sion necessarily follows. Under the facts and circumstances of this case, this action on the part of Bumgarner, might just as well suggest that he was merely trying to preserve assets which he recognized belonged to appellant. Bumgarner said he wanted appellant's permission to sell the automobile in order to reduce appellant's liability.

Appellant seeks to explain his failure to assume immediate control of the burned automobile by the fact that a criminal investigation was in process, and the sheriff advised him to stay away, but this does not explain why he never at any time attempted to take possession of it.

The trial court, we think, was justified in finding that appellant abandoned the damaged automobile and that the Insurance Company and General Motors Acceptance Corporation took custody of it solely for the purpose of preserving the salvage value, pending a final disposition of the whole matter. Their interest in the automobile and the lack of concern on the part of appellant justified their actions.

Accordingly the judgment of the trial court is affirmed.