NEWBERN *v.* MORRIS.

5-2457                                                          349 S. W. 2d 662

Opinion delivered October 2, 1961.

*Rex W. Perkins* and *Charles Bass Trumbo,* for appellant.

*Dickson, Putman & Millwee,* for appellee.

JIM JOHNSON, Associate Justice. This case involves an action arising out of a conditional sales contract.

On January 2, 1958, appellees (Joe and Virginia Morris d/b/a Houston Taylor Motors) sold to appellant (Ila Newbern) under the terms of a conditional sales contract, a new 1958 Dodge automobile for a total time price of $3,554.64, payable at a rate of $98.74 per month for 36 months. Appellees assigned the contract to Universal C. I. T. Corporation with recourse. After making 21 monthly payments totaling $2,073.54, appellant failed and refused to make further monthly payments, parked the automobile on a public street in Fayetteville, and wrote a letter to Universal C.I.T. Corporation, dated April 30, 1960, stating that she was unable to continue payments, that she was forced to let the car go back, and that the automobile was in front of 225 North Block Street. Said letter was signed by appellant who gave her address as Marianna, Arkansas. Taped to the bottom of the letter were the keys to the automobile in suit.

Universal C.I.T. Corporation contacted appellees, required them to pay off the balance due under the contract under the recourse endorsement and turned the matter over to appellees. Appellees contacted their attorney, who advised them. Appellees waited approximately two weeks, during which time the automobile remained untended on the Fayetteville street while appellant resided in Marianna, and then had one of their employees tow the automobile from Block Street to the appellees' storage facilities which are used by the Sheriff's department in Fayetteville. According to the testimony of Virginia Morris, one of the appellees, the automobile was moved from Block Street into storage because it had been abandoned, and because appellees wanted to salvage what they could for both appellant and appellees by protecting the automobile against damage and vandalism. Appellees never again touched the

automobile, nor did appellant ever come in to see about it.

Appellees filed suit in Circuit Court against appellant on the contract seeking the unpaid balance of $1,481.10, plus contractual attorney's fees, and had the automobile specifically attached under the provisions of Ark. Stats., Ann. § 34-2301 through § 34-2304.

Appellant filed an answer generally denying all the allegations of appellees' complaint and alleging that the automobile had been repossessed and the debt had been cancelled.

The cause was tried on the 4th day of January 1961, before the court sitting as a jury. At the conclusion of the evidence, the court found that there was no repossession and awarded judgment in favor of appellees in the sum of $1,481.10 plus attorney's fees in the amount of $148.11 and costs. The automobile was ordered sold and the proceeds applied toward satisfaction of the judgment. From this judgment the defendant has prosecuted this appeal.

For reversal appellant contends only that there was no substantial evidence to support the trial court's findings.

This case presented a close fact question to be determined by the trial court sitting as a jury. After hearing all of the evidence, the trial court found that appellant had abandoned her automobile and that appellees took possession of the property for the purpose of protecting its salvage value thereby resolving all issues in favor of appellees. See: *Brandon* v. *General Motors Acceptance Corporation*, 223 Ark. 850, 268 S.W. 2d 898.

From the record before us, it is possible that some of the members of this Court might well have found contrary to the trial court had they been sitting as a jury, but such is not our province here.

The only point placed in issue for this Court to decide is the defensive matter of repossession and debt cancellation, and appellant concedes that the judgment

must be affirmed if the trial court, sitting as a jury, can be sustained in the findings that Houston Taylor Motors did not repossess the automobile and thereby cancel the debt balance admittedly due on the contract.

It is understood, of course, that in the sense used herein, the term "repossession" denotes an election by the conditional seller to take the property in lieu of the unpaid debt. It is further understood and recognized by both appellant and appellees that under certain circumstances it is possible for a conditional seller to take possession of property sold under a conditional sales contract without repossessing it. See *Brandon* v. *General Motors Acceptance Corporation, supra.*

The evidence is undisputed that appellees found the automobile on a busy street in Fayetteville where it had been for some two weeks exposed to damage, vandalism and theft, caused the car to be towed in to its storage facilities; that even though the car was in a "beat up" condition it was not repaired, cleaned up, touched, handled, or bothered by Houston Taylor or by any of its employees after being placed in storage. As to appellant's testimonial denials that she abandoned the automobile, we find that such denials are outweighed by her own actions. She refused to make further payments, divested herself of any control over the vehicle by mailing away the keys, parked the car untended on a public street in Fayetteville exposed to multiple hazards, and returned to her home and work in Marianna. She made no effort to reclaim the car after parking it on the street in April of 1960, and made no effort to reclaim it after it was moved into storage about the middle of May of that year.

Since this case was tried by the Circuit Court without a jury, the court's findings have the force and effect of a jury verdict. *Salem School District No. 30 of Fulton County* v. *Unit Structures, Inc.,* 232 Ark. 939, 341 S. W. 2d 50.

Therefore, after carefully reviewing all of the evidence in the record before us and giving it the strongest

probative force it will reasonably bear in favor of the appellees, as we must, *Southern Farm Bureau Casualty Ins. Co.* v. *Parker,* 232 Ark. 841, 341 S. W. 2d 36, we find that there was substantial evidence to support the trial court's findings that there was no repossession and debt cancellation. *Southland Tractors, Inc.,* v. *Clayton,* 222 Ark. 539, 261 S. W. 2d 539.

Affirmed.