388 P.2d 389

**J. D. GRAHAM and Willadene Graham, Plaintiffs-Appellees,**

v.

**Johnny Robert STONEHAM, Martha J. Stoneham, Peter Snider Stoneham and Florrie D. Stoneham, Defendants-Appellants.**

No. 7263.

Supreme Court of New Mexico.

Oct. 21, 1963.

Rehearing Denied Feb. 3, 1964.

Jack Love, Lovington, for appellees.

Heidel & Swarthout, Lovington, for appellants, Johnny Robert Stoneham and Martha J. Stoneham.

Robert W. Ward, Lovington, for appellants, Peter Snider Stoneham and Florrie D. Stoneham.

CHAVEZ, Justice.

This is an action for damages for breach of contract. Defendants-appellants, Johnny Robert Stoneham and Martha J. Stoneham, hereinafter referred to as "vendees," entered into an agreement with plaintiffs-appellees, J. D. Graham and Willadene Graham, hereinafter referred to as "vendors," for the purchase of the surface of certain lands and all improvements, including an auto-wrecking business consisting of equipment and all parts and supplies, both new and used, all used cars located in the wrecking yard, and the right to use a Certificate of Public Convenience No. 1070 for the duration of the contract.

The agreement provided for the payment of $60,000 by vendees at the rate of $650 per month for 120 months, and further

provided that, as "additional security," a promissory note in the sum of $15,000 and mortgage be cosigned by defendants-appellants, Peter Snider Stoneham and Florrie D. Stoneham, hereinafter referred to as "sureties." The agreement also provided that when the $15,000 had been paid on the purchase price and the inventory equalled $30,000, as certified by an independent appraiser, the $15,000 promissory note was to be canceled and the mortgage released.

The vendees entered into possession and made payments at the contract rate to February 1, 1960. Because of financial difficulties, the parties agreed at that time that payments of $100 per week would be acceptable. In addition, a "side" note was given by vendees to vendors for accrued interest to date. Payment was made at the lowered rate until default occurred on or about April 14, 1960. Demand was then made by vendors for redelivery of possession of the property and vendees, on or about August 1, 1960, redelivered the property to vendors.

On October 27, 1960, vendors filed suit contending that they had suffered damage because of loss of value of the inventory. Vendees answered, setting out that vendors, having repossessed the property without foreclosure or other legal proceedings, (1) rescinded the contract and all obligations and instruments executed in connection therewith; and (2) having elected their remedy, they have thus waived and are precluded from any action to recover the purchase price, or any part thereof, and also any action to enforce and foreclose the $15,000 note and mortgage given as additional security. The sureties answered, alleging that vendors, having repossessed the property, have elected to rescind the contract and that, having elected to resort to the property, have thereby waived their right to enforce the additional security instruments. The sureties also defended on the ground that the instruments executed by them were to secure a portion of the purchase price and that vendors, by accepting late payments from vendees, by accepting a note as partial payment, and in agreeing with vendees to accept a lesser amount of monthly payment without the sureties' consent, have varied the terms of the contract and thereby have released the sureties from any further liability on the additional security instruments.

Each of the parties filed a motion for summary judgment and the trial court entered judgment in favor of vendors. Trial was had on the question of damages and the trial court found that judgment should be given to vendors for the rental value of the property during the time that vendees were in possession and for the decrease in the value of the inventory, less the amount of payments made by vendees. Liability of the sureties was limited

to the amount of their note. Vendees and sureties then prosecuted this appeal.

Under point I, vendees and sureties contend that vendors, having elected their remedy by repossessing the property and by using the same for their own benefit and profit, are precluded from other or additional remedies, and that the trial court erred in granting vendors judgment for damages, based upon a decrease in inventory less principal paid, and for rental value less interest paid.

At common law, under a conditional sales contract, the repossession of the property by the seller, upon default of the buyer, constitutes an election of remedies and amounts to a rescission of the contract, precluding further recovery from the buyer. Anno. 37 A.L.R. 91 et seq. Under such circumstances, neither can seller recover from a third person the amount that the latter guaranteed to pay upon the purchase price. Accord, General Motors Acceptance Corporation v. Ballard, 37 N.M. 61, 17 P. 2d 946. This was generally held to be unsatisfactory, since the vendor could deprive the vendee of the property after a substantial amount of the purchase price had been paid, or the vendee could use the property and diminish its value without making any payment for a substantial period of time. Anno. 49 A.L.R.2d 15 et seq.; Yellow Manufacturing Acceptance Corporation v. Handler, 249 Minn. 539, 83 N.W.2d 103.

We have held that, when provided for in a contract, a vendor may have *alternative remedies* of (1) repossession of the property and retention of previous payments as liquidated damages; or (2) declaration of the balance of the purchase price as due, and suit therefor; or (3) repossession of the property with or without process of law and, after notice, foreclosure as required by law, with a right to recover any deficiency not realized in the sale. However, we recognized that only the first two are conventional remedies of a holder of a conditional sales contract. Joe Heaston Tractor & Implement Co. v. Claussen, 59 N.M. 486, 287 P.2d 57. See also, Yellow Manufacturing Acceptance Corporation v. Handler, supra; Arndt v. Manville, 53 Wash.2d 305, 333 P.2d 667; Smith v. Russell, 223 Iowa 123, 272 N.W. 121; Provance v. Arnold Barber & Beauty Supply Co., 218 Ark. 274, 235 S.W.2d 970; Kauffman v. International Harvester Co., 153 Fla. 188, 14 So.2d 387; Powers v. Fisher, 279 Mich. 442, 272 N.W. 737; Keystone Press, Inc. v. Bovard, 236 Mo.App. 156, 153 S.W.2d 130; Zazzaro v. Colonial Acceptance Corporation, 117 Conn. 251, 167 A. 734; 17 Minn.L.R. 66.

Vol. 3, Williston on Sales, § 579b, p. 227, states the rule as follows:

"If the seller exercises his right to reclaim the goods, it is generally held, apart from statute, to be an election to rescind the contract, and thereafter an

action for the price, or any unsatisfied balance of it, is not allowed. * * * "

It has been held that a repossession by the vendor, who then treats the property as his own, is a rescission of the contract. Dasher v. Williams, 30 Ga.App. 122, 117 S.E. 108; Yellow Manufacturing Acceptance Corporation v. Handler, supra.

■ Vendors argue that the doctrine of election of remedies has no application for the reason that the contract provided for two remedies: (1) Repossession, and (2) suit for the purchase price. We cannot accept this contention. The contract does not expressly provide, nor can we imply from its terms, that repossession of the property and collection of the amount due under the terms of the contract are cumulative. It is unquestioned that parties to a contract may provide that repossession and suit on the purchase price are cumulative remedies. General Motors Acceptance Corporation v. Ballard, supra; Knoebel v. Chief Pontiac, Inc., 61 N.M. 53, 294 P. 2d 625. However, the parties did not expressly agree on cumulative remedies. Under the contract entered into between the parties and the circumstances of this case, the vendors, having selected the remedy of repossession, are precluded from an action for the unpaid purchase price.

■■ In the case where a surety guarantees certain obligations in a conditional sales contract, rescission of the contract by repossession will release the surety, since the contract has come to an end and the seller has no better rights against the guarantor than against the buyer. Yellow Manufacturing Acceptance Corporation v. Handler, supra; In re Orpheum Circuit, Inc., (D.C.S.D.N.Y.1938), 23 F.Supp. 727, aff'd 2 Cir., 97 F.2d 1011.

In view of our disposition of this case under point I, it becomes unnecessary to consider the other points raised by appellants.

From what has been said, it follows that the judgment of the district court should be and it is hereby reversed and remanded, with direction to vacate the judgment heretofore entered and to enter judgment for appellants.

It is so ordered.

CARMODY and MOISE, JJ., concur.