Patricia Carl, as Administratrix of the Estate of Charles F. Carl, Deceased, Plaintiff-Appellant, v. General Motors Acceptance Corp., a Corporation, and the Prudential Insurance Company of America, a Corporation, Defendants-Appellees.

Gen. No. 11,840.

Second District.

June 15, 1964.

John P. Burita, of St. Charles, for appellant.

Kirkland, Brady, McQueen, Martin & Schnell, of Elgin, and C. Malcolm Moss and Lloyd G. Gregerson, of Chicago (James L. Martin, C. Malcolm Moss and Lloyd G. Gregerson, of counsel), for appellees.

ABRAHAMSON, P. J.

This action was brought by an administratrix to recover possession of an automobile purchased under an installment contract for the wrongful refusal of The Prudential Insurance Company of America, a corporation, to pay the amount due to General Motors Acceptance Corp. under a group creditors' insurance

policy and for the wrongful refusal of GMAC to relinquish its rights as owner of the installment contract and to return the automobile. The trial court found the issues for the defendants, Prudential and GMAC.

Plaintiff, Patricia Carl, was appointed administratrix of the Estate of Charles F. Carl, deceased, by the Probate Court of Kane County on December 29, 1960, the deceased having died November 24, 1960. The deceased purchased a Buick automobile March 18, 1960, on a conditional sales contract, subsequently acquired by GMAC and, in addition, as part of the transaction secured from Prudential a credit life insurance certificate insuring his life under a group policy. Payments on the contract were in default. GMAC accepted $40 to extend two months' delinquency and on November 1, 1960, the contract then being in default for the installment due September 2, 1960, and October 2, 1960, a representative of GMAC, a Mr. Holbrook, contacted the deceased at his home and advised him to pay the arrearages or it would be necessary to repossess the car. Charles F. Carl advised he did not have the payments and that Mr. Holbrook would have to take the car. Pursuant to this deceased, with the permission of Mr. Holbrook, removed from the car two new tires purchased by him and it was picked up by a representative of GMAC and a mechanic on November 2, 1960, and delivered to Davison Motor Sales where the car remained, subject to the direction and authority of GMAC.

GMAC by letter of November 7, 1960, advised the deceased, among other things: "You are aware it was necessary to store your automobile due to your inability to fulfill your contract. . . . Please bear in mind that if no arrangements are made within 10 days of the date of this letter, your automobile will be disposed of for the highest price obtainable.

The certificate of insurance by Prudential provided in part as follows:

> "The insurance on any debtor shall automatically terminate at the earliest of the following dates: . . . (b) The 90th day after the continued default by the debtor in the payment of any installment of the obligation when due, unless the property under the intallment contract is repossessed during such 90-day period; (c) In the event of the repossession of the property under the installment contract on or before said 90th day after default, then on the 15th day after such repossession, unless during such 15-day period the debtor redeems the repossessed property and the creditor reinstates the installment contract . . ."

The automobile was disposed of by GMAC prior to the time of the hearing. Plaintiff withdrew the prayer for repossession of the automobile and sought damages in the amount of $3,332 being the amount due on the installment contract, together with interest and attorney's fees, contending that the failure to pay was unreasonable and vexatious.

The plaintiff urges the trial court erred in failing to construe the contract of insurance strictly against the insurer and liberally in favor of the insured stating that where two interpretations equally reasonable are possible that a construction should be adopted which will enable the beneficiary to recover. James v. Metropolitan Life Ins. Co., 331 Ill App 285, 291, 73 NE2d 140 and Commercial Ins. Co. of California v. Robinson, 64 Ill 265, 268. The cases referred to and the principle of the decisions appearing therein are not applicable to the provisions of the policy hereinabove set forth. The policy provisions pertinent to the issues herein are concise and unambiguous and need no construction.

It is contended by the Plaintiff that if repossession took place under the terms of the policy it occurred on November 17, 1960, the final date for settlement arrangements contained in the letter of November 7, 1960; that the events transpiring prior to November 17 were an arrangement for storage. It is further contended that since the death occurred November 24, 1960, that the 15-day period had not elapsed. Authorities cited to support this contention are Brooks v. Range Motor Co., 16 Tenn App 209, 64 SW2d 42, 43, and B.A.C. Corp. v. Francis, 176 Tenn 648, 144 SW2d 1098, 1103, involving Tennessee statute construction which required that an automobile repossessed must be advertised within ten days after possession was regained, and failure to so do would prohibit recovery of a deficiency. In Newbern v. Morris, 233 Ark 938, 349 SW2d 662, 663, 664, and Brandon v. General Motors Acceptance Corp., 223 Ark 850, 268 SW2d 898, 900, Arkansas cases, a statute pertaining to repossession provided that repossession taken was an election to take the property in lieu of unpaid debt. These statutes appear to be quite different from applicable Illinois law appearing in Illinois Revised Statutes 1959, chapter 121½, sec 22(a) (paragraph 246): "If the holder does not give the notice of intention to retake described in section 22, he shall retain the goods for 10 days after the retaking, during which period the buyer, upon payment or tender of the amount owing under the contract, together with any expenses of taking, keeping and storage, may redeem the goods and become entitled to retake possession of them."

The deceased was unable to make his payments and voluntarily delivered the car upon demand to Davison Motor Sales, an agent of GMAC. GMAC forwarded notice pursuant to the above section and the deceased was unable to redeem the automobile and

did not become entitled to possession of it. The contention of the plaintiff that this was a storage arrangement cannot be sustained. We hold that repossession took place on November 2, 1960, twenty-two days prior to the date of death and that the fifteen-day period under the policy provision had expired.

It is also urged for error that losses falling within policy exclusions or exceptions are affirmative defenses and the burden of maintaining them rests upon the insuring company. Goldfarb v. Maryland Casualty Co., 311 Ill App 568, 37 NE2d 376 at 571, and others. The burden of proof does not appear to be an issue in this case. The transactions between the parties hereto, from the record, have been fairly, completely and adequately presented to the trial court regardless of who made the proofs, and was sufficient to sustain the trial court's ruling.

In view of our conclusions it is unnecessary to pass on the question of interest due and attorney's fees for unreasonable or vexatious delay.

The judgment of the Circuit Court of Kane County is affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.