**Charles RITTER, Appellant,**

v.

**M.A. MORTENSON COMPANY,
Respondent.**

No. C1–84–386.

Court of Appeals of Minnesota.

July 31, 1984.

Mitchell R. Spector, Abrams & Spector, P.A., Minneapolis, for appellant.

Michael S. Kreidler, Lasley, Gaughan, Stich & Angell, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order granting the respondent's motion for summary judgment. The trial court determined as a matter of law that the appellant was barred from bringing this action by Minn.Stat. § 176.061 (Supp.1983)—the election of remedies provision of the Minnesota workers' compensation statute. We affirm.

## FACTS

The appellant, Charles Ritter, was injured in February, 1980, while working for H.D. Engineering Design and Erection Company ("H.D.") as a steelworker. H.D. was at that time a subcontractor hired to do the steel work on a garage being built for the Metropolitan Transit Commission in St. Paul. The general contractor for the project was the respondent M.A. Mortenson Company ("Mortenson"). The appellant received his injuries when he was allegedly struck by a crane boom while working on the garage structure. The crane and its operator had been supplied by Mortenson, since H.D. did not own its own crane.

The appellant received workers' compensation benefits from Mortenson's carrier pursuant to Minn.Stat. § 176.215 (1982), since H.D. had failed to obtain the proper coverage for its employees. The appellant then proceeded to file this action against Mortenson in district court, alleging a common law action sounding in negligence. Mortenson moved for summary judgment, arguing that the crane operator was a loaned servant to H.D. or, in the alternative, that the appellant should be barred from maintaining this action by the election of remedies provision of the workers' compensation statute. The trial court granted

the respondent's motion, determining that this action must be barred since the appellant had elected to receive workers' compensation benefits. The appellant has appealed from the judgment.

## ISSUE

Did the trial court properly enter an order for summary judgment determining that appellant's action for negligence was barred by the election of remedies provision in the workers' compensation act?

## ANALYSIS

 It is settled that a party who moves for summary judgment has the burden of proving the absence of any genuine issues of material fact, and that the non-moving party is entitled to the benefit of that view of the evidence most favorable to him. Rule 56, Minn.R.Civ.P.; *Greaton v. Enich,* 290 Minn. 74, 185 N.W.2d 876 (1971). Thus, in the present instance since respondent Mortenson was the moving party, it had the burden of demonstrating that there were no material facts in issue and that its assertions could be decided as a matter of law.

As noted above, Mortenson's primary contention is that the crane operator was a loaned servant to H.D. This, of course, would preclude any recovery by the appellant. The appellant, on the other hand, asserts that the crane operator remained the employee of Mortenson.[1] The trial court, for purposes of the summary judgment motion and taking the evidence most favorable to the appellant, therefore assumed that the crane operator was the employee of Mortenson.

Even assuming that the crane operator was in Mortenson's employ, the trial court determined that since the appellant elected to receive workers' compensation benefits

he would be precluded from bringing this negligence action by Minn.Stat. § 176.061 (Supp.1983), which provides, in relevant part:

Subdivision 1. Election of remedies. If an injury or death for which benefits are payable occurs under circumstances which create a legal liability for damages on the part of a party other than the employer and at the time of the injury or death that party was insured or self-insured in accordance with this chapter, the employee, in case of injury, or the employee's dependents, in case of death, may proceed either at law against that party to recover damages or against the employer for benefits, but not against both.

\* \* \* \* \* \*

Subd. 4. Application of subdivisions 1, 2, and 3. [The above provision applies] only if the employer liable for benefits and the other party legally liable for damages are insured or self-insured and engaged, in the due course of business in, (a) furtherance of a common enterprise, or (b) in the accomplishment of the same or related purposes in operations on the premises where the injury was received at the time of the injury.

The trial court found that the above language would foreclose the appellant's present action, since Mortenson's crane operator and the appellant were engaged in a common enterprise and since the appellant had already received workers' compensation benefits.

In *Gleason v. Geary,* 214 Minn. 499, 8 N.W.2d 808 (1943) the Minnesota Supreme Court noted that the purpose of the above statutory language was to deny an injured person the right to recover both workers' compensation benefits and a common law

---

1. The appellant also refers to the crane operator as an independent contractor over whose actions Mortenson nonetheless retained control. There is absolutely no evidence in the record to support this characterization of the employee. However, even if this claim were supported by some evidence, cases which have been decided within the context of the workers' compensation

situation consistently state that it is exactly this right of control over the performance and the premises which makes the worker an employee, rather than an independent contractor. *Iverson v. Independent School District No. 547,* 257 N.W.2d 572 (Minn.1977); *Rademaker v. Archer Daniels Midland Co.,* 310 Minn. 240, 247 N.W.2d 28 (1976).

remedy only when the injured person's employer and another "master" legally liable for damages "have joined forces and in effect have put the servants into a common pool." *Gleason*, at 511, 8 N.W.2d at 814. In *McCourtie v. United States Steel Corp.*, 253 Minn. 501, 93 N.W.2d 552 (1958) the court further explained that this "common pool" type of situation exists under the following circumstances:

(1) The employers must be engaged on the same project;

(2) The employees must be *working together* (common activity); and

(3) In such fashion that they are subject to the same or similar hazards.

*McCourtie* at 506, 93 N.W.2d at 556 (emphasis in original.) The *McCourtie* court noted that the focus should be upon the activities of the employees, rather than the employers, and provided the following guidance for analysis of the issue:

Before such common activity can be said to exist there must be work in which both sets of employees participate * * * Where however two employers perform different types of work, such as steel construction work and plumbing, and where the performance of these jobs is not related except in a vague, general way looking toward the completion of a structure, and where the activities of the two sets of employees have nothing in common and do not share or join in any of the work between themselves, it cannot be said that the employees are within the "common activities of the employees test" * * *

*Id.*, at 510, 93 N.W.2d at 559.

■ The facts in the record are undisputed that both Mortenson and the appellant's employer, H.D., were engaged in the same project—the construction of an MTC garage. It is also agreed by both parties that the appellant and the crane operator were both engaged in erecting the steel superstructure for the building. The steel erection crew consisted of the foreman, two "hookers", whose function was to hook steel beams on to the crane, the crane operator, who hoisted the steel beams, and two "connectors," who connected the beams to the existing structure. The "connectors," appellant and another man, also were responsible for signaling commands to the crane operator. The appellant and the crane operator were thus clearly working together in furtherance of the same objective. Indeed, the appellant in his own deposition stated that they were all part of one crew, which was normal for that type of operation. As the trial court noted further, each of those crew members were subject to the same or similar hazards of the job, such as falling beams, electrical shock, injury from the crane, etc.

■ This situation is clearly distinguishable from other cases which have found employees to be engaged in separate enterprises, since the undisputed material facts of this case indicate that the appellant and the crane operator were in fact working in a "common pool." Thus, under the provisions of Minn.Stat. § 176.061, since the appellant had already elected to receive workers' compensation benefits, he is precluded from also bringing this common law action against Mortenson.

## DECISION

The trial court properly granted summary judgment in favor of the respondent, M.A. Mortenson Co., since the undisputed facts demonstrated that Mortenson's employee and the appellant were engaged in a common enterprise and since the appellant had already elected to receive workers' compensation benefits.

Affirmed.